UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

     ANNA GRISTINA

                 Plaintiff

                                   **COMPLAINT**

          v.                          Civil Case No. 21-cv-8608
                                   Under the Civil Rights Act
                                   (42 U.S.C. § 1983)


NEW YORK STATE JUDGE JUAN MERCHAN
(in an official capacity)

NEW YORK COUNTY DISTRICT ATTORNEY
CYRUS VANCE (in an official capacity)

                            Defendants

------------------------------------------------------------------

1.     Now comes Plaintiff Anna Gristina, by and through her attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew –  seeking prospective relief, complaining against the following Defendants, and alleging the following:

JURISDICTION AND VENUE

2.     This action arises under the Constitution of the United States, particularly Article III, Section 2 of the United States Constitution, the Fourteenth Amendment to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Tittle 42 U.S.C. §§ 1983 and 1988.

3.     This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C. §§ 1331 and 1343).

1

4.      Venue is placed in this District because the Defendants are located in this District.

PARTIES

5.      Plaintiff Anna Gristina resides in the State of New York in Orange County.

6.      Defendant Justice Juan Merchan, is a Acting Supreme Court Justice sitting in the

Supreme Court of the State of New York, New York County Criminal Term, New York,

New York.

7.      Defendant District Attorney Cyrus Vance is the District Attorney for the Office of the

District Attorney: New York County.

8.      In doing the acts and/omissions alleged, Defendants, and each of them, acted under color

of authority and/or color of state law at all relevant times.

9.      The Defendants are legally responsible for the incidents, the unlawful conduct, injuries,

and damages alleged by personally participating in the unlawful conduct.

STATEMENT OF THE CASE

10.     The Defendants impeded, hindered, obstructed, and otherwise defeated the due course of

justice in the State of New York, under 42 U.S.C. § 1983, by preventing the Plaintiff

from exercising her constitutional right(s) to Access to the Courts according to Due

Process, by denying the Plaintiff access to the unsealed transcript/court minutes of the

proceeding in her criminal case, so that the Plaintiff can make a post judgement motion,

pursuant to Article 440 of the New York State Criminal Procedure Law – with Equal

Protection under the law with criminal defendants, who are able to obtain

transcripts/court minutes of the proceedings in their criminal cases, so that they can make

post judgments motions – pursuant to Article 440 of the New York State Criminal

Procedure Law. The Plaintiff incorporates the attached appendix herein to this complaint as though alleged herein.

STATEMENT OF THE FACTS

11.    Plaintiff Anna Gristina, and Defendant Jaynie Baker were charged with the felony crime of Promoting Prostitution in the Third Degree (N.Y. PENAL LAW § 230.25 1), in the case of *The People of the State of New York v. Anna Gristina and Jaynie Baker*, New York County Indictment Number 00751-2012: app.  pp.  A008 to A009. The Plaintiff, and Defendant Jaynie Baker, both pled guilty and were sentenced. The Plaintiff pled guilty to Promoting Prostitution in the Third Degree (N. Y. PENAL LAW § 230.25-1): she was sentenced to 6 months in jail, and five years of probation. Certificate of Disposition: app. p. A010.  A Notice of Appeal was not filed.

12.    Upon information and belief, that being the Plaintiff, the Plaintiff would like to make a motion to vacate her New York State Criminal Conviction – Indictment Number 00751-2012 – pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1) (b) (f) and (h).

13.    Upon information and belief, that being Plaintiff Anna Gristina, in addition to other issues, Plaintiff states that her guilty plea was coerced. Plaintiff's Counsel needs to determine what was said on the record, and what was not said on the record, as a threshold inquiry prior to moving to vacate the judgment pursuant to N.Y CRIM. PROC. LAW § 440.10 (1).

14.    The Plaintiff states that the State of New York enacted the statutory scheme – encompassed under Article 400 of the New York State Criminal Procedure Law – to establish a procedure to address post conviction remedies in criminal cases in the State of

New York. Article 400 of the New York State Criminal Procedure Law is designed

collectively to embrace all extant non-appellate post-judgment remedies and motions to

challenge the validity of a judgment of conviction. N.Y. CRIM. PROC. LAW § 440.10

(1) (b) (f) and (h) state that:

> At any time after the entry of a judgment, the court in which it was entered
> may, upon motion of the defendant, vacate such judgment upon the
> ground that:
>
> (b) The judgment was procured by duress, misrepresentation or fraud on
> the part of the court or a prosecutor or a person acting for or in behalf of a
> court or a prosecutor; or
>
> (f) Improper and prejudicial conduct not appearing in the record occurred
> during a trial resulting in the judgment which conduct, if it had appeared
> in the record, would have required a reversal of the judgment upon an
> appeal therefrom; or
>
> (h) The judgment was obtained in violation of a right of the defendant
> under the constitution of this state or of the United States

15.   Plaintiff's Counsel contacted the New York County Supreme Court, Criminal Term,

Senior Court Reporters for Plaintiff Anna Gristina's criminal case, in order to obtain the

court minutes/transcripts for Indictment Number 00751-2012, to make a motion to vacate

the judgement in Plaintiff's criminal case. Plaintiff's Counsel informed said Court

Reporters that Plaintiff was prepared to pay all expenses associated with obtaining said

court minutes. Plaintiff's Counsel was informed – in sum and substance – by the afore-

mentioned Court Reporters that they were willing to provide the Plaintiff with Court

minutes related to her criminal case; however, the afore-mentioned Court Reporters

stated – in sum and substance – that could not provide the Plaintiff with any court

minutes in Plaintiff's criminal case that had been sealed by Defendant Justice Merchan.

16. Upon information and belief, that being the Senior Court Reporters, the Court Minutes for Indictment Number 00751-2012, for the following dates, were sealed by the Order of Defendant Judge Juan Merchan: 13 August 2012, 16 August 2012, and a portion of Plaintiff's guilty plea on 25 September 2012. The Plaintiff is not allowed access said minutes for the purposes of making a motion to vacate the judgment – in her case – pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1): *See* app. pp. A092 to A097 and A104 to A109.

17. Upon information and belief, that being Defendant District Attorney Cyrus Vance, Defendant Cyrus Vance is opposed to allowing the Plaintiff to receive unsealed copies of the minutes in Plaintiff's criminal case so that she can make a motion to vacate the judgment in her criminal case pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1).

18. The Plaintiff made a motion, on notice, to unseal the minutes in her criminal case. App. pp. A011 to A022.

19. Plaintiff's Counsel submitted an Affidavit stating that the Plaintiff was present in court on 16 August 2012. Attorney Affidavit: app. pp. A023 to A052

20. The Parties appeared in the New York County Supreme Court on the motion to unseal the court minutes on 2 March 2021. Transcript: app. pp. A053 to A069. Plaintiff's Counsel filed the Court minutes for 2 March 2021 with the Clerk of the Court. App. pp. A070 to A073.

21. Plaintiff states that as of 2 March 2021, upon information and belief, that being a review of the Court File maintained in the Office of the Clerk of the Court, for Indictment Number 00751-2012, Defendant Justice Merchan's Order had not been reduced to a

writing, and filed with the Clerk of the Court as of 2 March 2021. *See e.g.*, N.Y. C.P.L.R. 5512.

22.     Plaintiff states that on, or about, 2 March 2021, a request was made – to the Court Reporters for an excerpt of the 13 and 16 August 2012 transcripts, relating only to the unsealed portion of the transcript containing the Court's Order sealing the transcript – without exposing, or providing, any of the information that had been ordered sealed by the Court. Upon information and belief, that being the Court Reporter, she consulted with her supervisor, and she was told that she could only provide an unsealed excerpt of the court minutes for 13 and 16 August 2012, that the excepts would only contain the unsealed portion of the transcript where the Court ordered the transcript sealed. The Plaintiff paid the fee for the excerpted unsealed portions of the transcript for 13 August 2012, and 16 August 2012. On 4 March 2021, The Court Reporter provided the Plaintiff with the excerpted unsealed portions of the transcript for 13 August 2012, and 16 August 2012.  App. pp. A086 to A088 and A092 to A097.

23.     District Attorney Vance opposed the Plaintiff's motion to unseal the court minutes in the Plaintiff's criminal case in writing. A074 to A075.

24.     Plaintiff's Counsel filed an Affidavit to complete the record. App. pp. A076 to A103.

25.     The Court issued an Order and Decision denying the Plaintiff's Motion to unseal the transcripts in her case to file a motion to vacate the judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1). Trial Court Order: app. pp. A002 to A007.

26.     Plaintiff's Counsel complied with the Court's Order regarding transcripts in the custody and control of the Plaintiff. App. A104 to 109.

27.     The Plaintiff commenced a proceeding, pursuant to Article 78 of the Civil Practice Law

        and Rules – in the nature of Prohibition and Mandamus – to obtain the court transcripts in

        her case, so that Plaintiff can make a motion to vacate the judgment pursuant to N.Y.

        CRIM. PROC. LAW § 440.10 (1). The afore-mentioned was commenced in the Supreme

        Court of the State of New York: Appellate Division: First Department. The Appellate

        Division dismissed the Petition. App p. A001.

28.     The Plaintiff intends to appeal the Appellate Division's Order/Judgment to the New York

        State Court of Appeals.

## COUNT ONE: DENIAL OF ACCESS TO THE COURTS

29.     The Defendants impeded, hindered, obstructed, and otherwise defeated the due course of

        justice in the State of New York, under 42 U.S.C. § 1983, by preventing the Plaintiff

        from exercising her constitutional right(s) to Access to the Courts according to Due

        Process, by denying the Plaintiff access to the unsealed transcript/court minutes of the

        proceeding in her criminal case, so that the Plaintiff can make a post judgement motion,

        pursuant to Article 440 of the New York State Criminal Procedure Law – with Equal

        Protection under the law with criminal defendants, who are able to obtain

        transcripts/court minutes of the proceedings in their criminal cases, so that they can make

        post judgments motions – pursuant to Article 440 of the New York State Criminal

        Procedure Law. U.S. CONST. amend. XIV.

30.     The Plaintiff states that she will suffer irreparable injury without the unsealed transcripts

        from her criminal case so that Plaintiff can access the courts to make a meaningful

        motion to vacate the judgement in her case pursuant to N.Y. CRIM. PROC. LAW §

440.10 (1).

REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court:

31.   Grant the Plaintiff injunctive relief directing the Defendants to allow the Plaintiff to pay

for, and obtain, the unsealed court minutes in her criminal case so that Plaintiff can

access the courts to make a meaningful motion to vacate the judgment in Plaintiff's

criminal case pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1).

32.   Grant the Plaintiff a declaratory judgment stating that the Plaintiff is entitled to the

unsealed court minutes in her criminal case so that the Plaintiff and access the courts to

make a meaningful motion to vacate the judgment in Plaintiff's criminal case pursuant to

N.Y. CRIM. PROC. LAW § 440.10 (1).

33.   Award Plaintiff all costs of this action, including any attorney's fees incurred by the

Plaintiff.

34.   Grant such other and further relief as the Court deems just and proper.

DATE:        20 October 2021
             Bronx, New York


                                             *Lawrence P LaBrew*
                                             _____
                                             Lawrence P. LaBrew, Esq.
                                             Attorney & Counselor-at-Law
                                             Law Office of Lawrence LaBrew
                                             Attorney for Plaintiff Anna Gristina
                                             30 Wall Street 8th Floor
                                             New York, New York 10005-2205
                                             Tel:    (212) 385-7500
                                             Fax:    (212) 385-7501
                                             e-mail: lawrencelabrew@verizon.net

8