Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
30 Wall Street Floor 8
New York, New York 10005-2205
Tel:     (212) 385-7500
e-mail: lawrencelabrew@verizon.net
New York State Attorney Registration No. 3064896
Attorney for Plaintiff Anna Gristina

UNITED STATES DISTRICT COURT
Southern District of New York

-------------------------------------------------------

|  |  |
|---|---|
| ANNA GRISTINA | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b) (1) AND FED.R. CIV. P. 12 (b) (6)** |

ANNA GRISTINA

           Plaintiff

    v.

JUAN MERCHAN (in an official capacity)

CYRUS VANCE (in an official capacity)

          Defendants

**MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO
THE DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV.
P. 12 (b) (1) AND FED.R. CIV. P. 12 (b)
(6)**

Civil Case No. 21-cv-8608 (PAC)
(FED. R. CIV. P. 12 (b) (1) & 12 (b) (6))

-------------------------------------------------------

TO:   The Honorable Judge Paul A. Crotty
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, NY 10007-1312

       The Honorable Letitia James
       New York State Attorney General
       Attorney for Defendant Juan Merchan (in an official capacity)
       28 Liberty Street
       New York, New York 10005
       By:    Miranda R. Onnen
             Assistant Attorney General
             Of Counsel
             Tel: (212) 416-6696
             e-mail: miranda.onnen@ag.ny.gov

1

The Honorable Alvin Bragg, Jr. (in an official capacity)
District Attorney
New York County District Attorney's Office
1 Hogan Place
New York, New York 10013
By:    Patricia Bailey
        Assistant District Attorney
        Of Counsel
        Tel: (212) 335-9000
        e-mail: baileyp@dany.nyc.gov

# TABLE OF CONTENTS

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

This Court has subject matter jurisdiction over the Plaintiff's claims.. . . . . . . . . . . . . . . . . 5

The Plaintiff has stated a claim upon which relief can be granted because the Plaintiff has
    alleged that Plaintiff has been denied Plaintiff's fundamental federal constitutional
    right to the court minutes in her state court criminal case so that Plaintiff can
    make a meaningful motion to vacate the judgment in her state court case... . . . . . . 5

In this case, this Court should not apply an abstention doctrine and refrain from
    adjudicating the Plaintiff's claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

The Defendants have failed to meet the standard to prevail on a motion to dismiss
    pursuant to FED. R. CIV. P. 12 (b (6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    On a motion to dismiss pursuant to Federal Rule of Civil Procedural 12 (b) (6),
        the burden of proof is on the movant.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    Plaintiff's complaint contains sufficient factual matter – accepted as true – to state
        a claim to relief that is plausible based on the four corners of the
        complaint... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    The Plaintiff does not have to plead a prima facie case, because prima facie
        elements are an evidentiary consideration.. . . . . . . . . . . . . . . . . . . . . . . . 17

    There is no "heightened pleading standard" that the Plaintiff has to meet in this
        action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    On A Motion To Dismiss – Pursuant To Federal Rule Of Civil Procedure 12 (b)
        (6) – It Is Immaterial Whether Plaintiff Will Ultimately Prevail. . . . . . . . 18

The Eleventh Amendment bar is not applicable in this case, because the Plaintiff is
    seeking prospective injunctive relief, and declaratory relief, for continuing
    violations of the Fourteenth Amendment to the United States Constitution.. . . . 19

The Defendants are not entitled to prosecutorial immunity or judicial immunity.. . . . . . 20

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

    Constitutional Amendments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

    Federal Statutes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

    Federal Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

    Federal Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    State Statutes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    State Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    Other Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

## ARGUMENT

The Defendants' motion to dismiss – pursuant to FED. R. CIV. P. 12(b) (1) and FED. R. Civ. P. 12 (b) (6) should be denied. A copy of the Complaint is attached to Plaintiff's Declaration as Exhibit A.

I.      This Court has subject matter jurisdiction over the Plaintiff's claims.

The Plaintiff has the burden of demonstrating subject matter jurisdiction. *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2nd Cir. 2011). This Court has subject matter jurisdiction. The Plaintiff pled subject matter jurisdiction in the complaint on page one. The Plaintiff has alleged a violation of the 14th Amendment to the United States Constitution. This action is being brought pursuant to 42 U.S. C. § 1983. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343; *Aldinger v. Howard*, 427 U.S. 1, 16, 96 S. Ct. 2413, 2421 (1976) ("The civil rights action set out in § 1983 is, of course, included within the jurisdictional grant of subsection (3) of § 1343.").

II.     The Plaintiff has stated a claim upon which relief can be granted because the Plaintiff has alleged that Plaintiff has been denied Plaintiff's fundamental federal constitutional right to the court minutes in her state court criminal case so that Plaintiff can make a meaningful motion to vacate the judgment in her state court case.

The Plaintiff has stated a claim upon which relief can be granted. *See* Plaintiff's Exhibit A: Complaint with the attached appendix. The appendix attached to the Plaintiff's complaint is part of the complaint, and therefore, said Appendix can also be considered to contain true information. FED. R. CIV. PROC. 10 (c), *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2nd Cir. 2015) (collection letter that attorney sent to plaintiff properly considered on motion to dismiss under Fed. R. Civ. P. 12(b)(6) because plaintiff attached letter to complaint and therefore

incorporated it by reference), *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered" in deciding motion under Fed. R. Civ. P. 12). In addition, the Court can take judicial notice of the appendix, because it contains official documents on file with the Clerk of the Court, in the Supreme Court of the State of New York: New York County Criminal Term.

The Plaintiff has been prevented from purchasing the entire transcript in her criminal case, so that she can make a motion to vacate the judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10. Plaintiff Anna Gristina has alleged that her guilty plea was coerced. Upon information and belief, that being Plaintiff Anna Gristina, one reason why the Plaintiff intends to move to vacate the judgment in her criminal case is because there were substantive proceeding that took place in the criminal case, where the District Attorney's Office, Defendant Juan Merchan, and the former(s) Attorney(s) for Plaintiff Gristina were present; and, Plaintiff Anna Gristina was not present. Exhibit A: Complaint; Exhibit B: p. B031, lines 20 - 25, p. B032, lines 1 - 9. Upon information and belief, that being Plaintiff Anna Gristina, after one of these proceeding – where the Plaintiff was not present – Plaintiff's former attorney told Plaintiff – in sum and substance – that Defendant Juan Merchan said that if Plaintiff was convicted after trial, Defendant Merchan  would sentence the Plaintiff to seven years in jail, and that Plaintiff would do every day of the seven years.

The New York State Legislature has enacted a statutory scheme, encompassed under Article 400 of the N. Y. Criminal Procedure Law, to establish a procedure to address post conviction remedies. In the Practice Commentary to the McKinney's former Justice Donnino

made note of the legislative intent behind the implementation of the statute. "'As Judge Denzer (the principal CPL draftsman) noted in his original Practice Commentary, the motions codified in this Article -- *i.e.*, to vacate judgment (CPL § 440.10) and to set aside sentence (CPL § 440.20) -- are designed collectively to embrace all extant non-appellate post-judgment remedies and motions to challenge the validity of a judgment of conviction. . . . . Next, it is important to note that this section replaces all aspects of the common law writs that it directly covers and thus resort to coram nobis is unavailable in situations covered by the statute. . . . ." . In *Logan v. Zimmerman Brush Co.*, the United States Supreme Court stated the rule: "Similarly, the Fourteenth Amendment's Due Process Clause has been interpreted as preventing the States from denying potential litigants use of established adjudicatory procedures, when such an action would be 'the equivalent of denying them an opportunity to be heard upon their claimed [rights].'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-30, 102 S. Ct. 1148, 1154 (1982). *See Rinaldi v. Yeager*, 384 U.S. 305, 310-11, 86 S. Ct. 1497, 1500-01 (1966) ("This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. Griffin v. Illinois, 351 U.S. 12; Douglas v. California, 372 U.S. 353; Lane v. Brown, 372 U.S. 477; Draper v. Washington, 372 U.S. 487."), *see also* ANNOTATION: WHAT, IN VIEW OF SUPREME COURT, CONSTITUTES THE CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS, 52 L. Ed. 2d 779 (2nd 2012) (collecting the cases).

The United States Supreme Court has explicated the rule: "The Court's cases involving the right of access to courts provide an analogous method of analysis supporting our reasoning

here. In Boddie, the Court established that, at least where interests of basic importance are involved, 'absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard.' 401 U.S., at 377. Thus, the State's imposition of substantial filing and other fees upon indigents seeking divorces was held to deny them due process. In United States v. Kras, 409 U.S. 434 (1973), we agreed that a due process right of access to the courts exists when fundamental interests are present and the State has exclusive control over 'the adjustment of [the] legal [relationships]' involved. Id., at 445. The relationship between these opinions and the right to procedural due process at issue in the instant case is made clear in Boddie, which relied in large part on the analysis of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), and its guarantee 'to all individuals [of] a meaningful opportunity to be heard.' Boddie, 401 U.S., at 379; see also id., at 377-378, 380, 382. Thus, while the right to seek a divorce may not be a property interest in the same sense as is a tort or a discrimination action, the theories of the cases are not very different: having made access to the courts an entitlement or a necessity, the State may not deprive someone of that access unless the balance of state and private interests favors the government scheme."  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 n.5, 102 S. Ct. 1148, 1154 (1982).

In *Griffin v. Illinois* the issue was stated as follows: "Illinois law provides that 'Writs of error in all criminal cases are writs of right and shall be issued of course.' The question presented here is whether Illinois may, consistent with the Due Process and Equal Protection Clauses of the Fourteenth Amendment, administer this statute so as to deny adequate appellate review to the poor while granting such review to all others." *Griffin v. Illinois*, 351 U.S. 12, 13, 76 S. Ct. 585,

588 (1956).  The Court reversed the Judgment of the Supreme Court of Illinois and provided the

following rationale for the rule: "It is true that a State is not required by the Federal Constitution

to provide appellate courts or a right to appellate review at all. See, e. g., McKane v. Durston,

153 U.S. 684, 687-688. But that is not to say that a State that does grant appellate review can do

so in a way that discriminates against some convicted defendants . . . Appellate review has now

become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence

of a defendant. Consequently at all stages of the proceedings the Due Process and Equal

Protection Clauses protect persons like petitioners from invidious discriminations. See Cole v.

Arkansas, 333 U.S. 196, 201; Dowd v. United States ex rel. Cook, 340 U.S. 206, 208; Cochran v.

Kansas, 316 U.S. 255, 257; Frank v. Mangum, 237 U.S. 309, 327." *Griffin v. Illinois*, 351 U.S.

12, 18, 76 S. Ct. 585, 590 (1956). In this case the Petitioner can pay for the transcripts, but she is

being denied access to the entire transcripts in her own criminal case, when an indigent defendant

can have the State pay for their transcripts in order to make a post judgment motion.

Defendants' action – in denying the Plaintiff access to the complete transcripts –

represents a constitutional structural error that goes to the very integrity of any proceeding to

vacate the judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10. *See e.g., United States v.

Gonzalez-Lopez*, 548 U.S. 140, 148-49, 126 S. Ct. 2557, 2563-64 (2006) ("[W]e divided

constitutional errors into two classes. The first we called 'trial error,' because the errors 'occurred

during presentation of the case to the jury' and their effect may 'be quantitatively assessed in the

context of other evidence presented in order to determine whether [they were] harmless beyond a

reasonable doubt.' Id., at 307-308, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (internal quotation marks

omitted). These include 'most constitutional errors.' Id., at 306, 111 S. Ct. 1246, 113 L. Ed. 2d

302. The second class of constitutional error we called 'structural defects.' These 'defy analysis

by 'harmless-error' standards' because they 'affec[t] the framework within which the trial

proceeds,' and are not 'simply an error in the trial process itself.' Id., at  309-310, 111 S. Ct.

1246, 113 L. Ed. 2d 302. 4 See also Neder v. United States, 527 U.S. 1, 7-9, 119 S. Ct. 1827, 144

L. Ed. 2d 35 (1999).").

      Plaintiff submits that there has been no sound reason(s) put forth as to why the transcripts

are sealed, why the District Attorney has access to the transcripts, and why the Plaintiff does not

have access to the transcripts – even thought the Plaintiff is prepared to pay all costs for the

transcripts , or why the Petitioner's Counsel cannot use complete unsealed transcripts  for

Plaintiff's 440 motion, *see e.g.*, *In re Oliver*, 333 U.S. 257, 267-71, 68 S. Ct. 499, 504-06 (1948)

("Today almost without exception every state by constitution, statute, or judicial decision,

requires that all criminal trials be open to the public. The traditional Anglo-American distrust for

secret trials has been variously ascribed to the notorious use of this practice by the Spanish

Inquisition,  to the excesses of  the English Court of Star Chamber, and to the French monarchy's

abuse of the lettre de cachet. . . . .One need not wholly agree with a statement made on the

subject by Jeremy Bentham over 120 years ago to appreciate the fear of secret trials felt by him,

his predecessors and contemporaries. Bentham said: '. . . suppose the proceedings to be

completely secret, and the court, on the occasion, to consist of no more than a single judge, -- that

judge will be at once indolent and arbitrary: how corrupt soever his inclination may be, it will

find no check, at any rate no tolerably efficient check, to oppose it. Without publicity, all other

checks are insufficient: in comparison of publicity, all other checks are of small account.

Recordation, appeal, whatever other institutions might present themselves in the character of

checks, would be found to operate rather as cloaks than checks; as cloaks in reality, as checks only in appearance.'").

In *In re Oliver* the Court held that ""[F]ailure to afford the petitioner a reasonable opportunity to defend himself against the charge of false and evasive swearing was a denial of due process of law. A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense -- a right to his day in court -- are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel." *In re Oliver*, 333 U.S. 257, 273, 68 S. Ct. 499, 507-08 (1948).

The Plaintiff has a right to spend her money so that she can purchase the entire transcript in her criminal case so that Plaintiff can make a motion to vacate the judgement in her criminal case pursuant to N.Y. CRIM. PROC. LAW § 440.10.

III.    In this case, this Court should not apply an abstention doctrine and refrain from adjudicating the Plaintiff's claims.

The Court should decide the Plaintiff's fundamental constitutional claims in this case. Plaintiff submits that abstention is not appropriate in this case. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). In *Sprint Communications v. Inc. v. Jacobs* the Supreme Court held that the circumstances fitting within the Younger abstention doctrine are exceptional and include: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial

functions. *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S. Ct. 584, 591 (2013). There are no exceptional circumstances in this case. No state court criminal prosecution are pending. No civil enforcement proceeding are pending. And no civil proceedings are pending that involve orders that are uniquely in furtherance of the State Courts' ability to perform their judicial functions. In addition, there is no pending civil action involving the judgment in the criminal case. *Skinner v. Switzer*, 562 U.S. 521, 531-32, 131 S. Ct. 1289, 1297 (2011), *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2nd Cir. 2005).

The State Court proceeding does not involve claims of professional misconduct (no complaint has been filed against either of the Defendants); and, the proceeding is not akin to a criminal prosecution. The following cases demonstrate why abstention is not appropriate in this case. *Compare Kirschner v. Klemons*, 225 F.3d 227 (2nd Cir. 2000) (complaints of professional misconduct), *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S. Ct. 1200 (1975), *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982), *Juidice v. Vail*, 430 U.S. 327, 335-36, 97 S. Ct. 1211, 1217-18 (1977). The Younger Abstention doctrine is usually applied in situation involving the following State actions: (1) Criminal actions, or actions akin to criminal prosecutions, (2) Nuisance actions, (3) proceedings to recover government payments, (4) Contempt proceedings, (5) Custody proceeding, or (6) Attorney Disciplinary Proceedings. None of the afore-mentioned situations are present in this case.

In *Sprint Communs., Inc. v. Jacobs* the Court stated the general rule: "Federal courts, it was early and famously said, have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.' Cohens v. Virginia, 19 U.S. 264, 6 Wheat. 264, 404, 5 L. Ed. 257 (1821). Jurisdiction existing, this Court has cautioned, a federal court's

'obligation' to hear and decide a case is 'virtually unflagging.' Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Parallel state-court proceedings do not detract from that obligation. *See ibid.*" *Sprint Communs., Inc. v. Jacobs*, 571 U.S. at 77, 134 S. Ct.  at 590-91  (2013), *see also Reyes Mata v. Lynch*, 576 U.S. 143, 150, 135 S. Ct. 2150, 2156 (2015) ("when a federal court has jurisdiction, it also has a 'virtually unflagging obligation . . . to exercise' that authority."). This Court has no obligation to abstain, or to defer to the state proceeding. *Growe v. Emison*, 507 U.S. 25, 113 S.Ct. 1075 (1993), *see also Wisconsin v. Constantineau*, 400 U.S. 433, 439, 91 S. Ct. 507, 511 (1971) ("As we said in Zwickler v. Koota, 389 U.S. 241, 251, abstention should not be ordered merely to await an attempt to vindicate the claim in a state court. Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim. Id., at 250-251. We would negate the history of the enlargement of the jurisdiction of the federal district courts, if we held the federal court should stay its hand and not decide the question before the state courts decided it."). Abstention is not appropriate in this case because there is no state law question alleged in the complaint. *McNeese v. Board of Ed. For Community Unit School Dist. 187, Cahokia, Ill.*, 373 U.S. 668, 83 S. Ct. 1433 (1963).

The *Rooker Feldman* does not apply in this case because the Plaintiff is not "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005), *see also Dorce v. City of New York*, 2 F.4th 82, 101–02 (2nd Cir. 2021) ("Following Exxon Mobil's edict to confine applications of Rooker-Feldman to the types of cases from which it takes its name, our

court has articulated four requirements that must be met for Rooker-Feldman to apply: (1) 'the federal-court plaintiff must have lost in state court[;]' (2) 'the plaintiff must complain of injuries caused by a state-court judgment[;]' (3) 'the plaintiff must invite district court review and rejection of that judgment[;]' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.' Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alterations omitted). 'The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.' Id. Although 'all four requirements must be met in order for Rooker-Feldman to act as a jurisdictional bar ... the second requirement – that the plaintiff complains of an injury caused by a state-court judgment – is the core requirement from which the other Rooker-Feldman requirements derive.' Sung Cho v. City of New York, 910 F.3d 639, 646 (2d Cir. 2018) (internal quotation marks and alterations omitted).").

The Plaintiff is not complaining of injuries caused by the judgment in Plaintiff's criminal case. The Plaintiff is complaining of injuries caused by Defendant Merchan's Decision and Order. Exhibit A: Complaint App. at p. A002 to A007. The judgment in the Plaintiff's criminal case was entered on 20 November 2012. *See* App. to the Complaint at p. A010. In the State of New York, a judgment is defined as follows: "A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence." N.Y. CRIM. PROC. LAW § 1.20 (15). *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). The Trial Court's Decision and Order is not a Judgment. Exhibit A: Complaint App. at p. A002 to A007. The Plaintiff has not brought an action inviting District Court review and reject of the

judgment in Plaintiff's criminal case. Exhibit A: Complaint. Therefore, the Defendants'

application is misplaced and should be denied.

IV.     The Defendants have failed to meet the standard to prevail on a motion to dismiss
        pursuant to FED. R. CIV. P. 12 (b (6).

        The burden of proof is on the Defendants, and all of the allegations in the complaint are

considered true. The exhibits are considered part of the complaint. There is no heightened

pleading standard in this case. The Plaintiff does not have to prove a prima facie case, or that the

Plaintiff will ultimately prevail on the merits.

        A.      On a motion to dismiss pursuant to Federal Rule of Civil Procedural 12 (b) (6),
                the burden of proof is on the movant.

        The burden of proof – on Defendant's motion to dismiss pursuant to FED. R. CIV.

PROC. 12 (b) (6) – is on the Defendants. *McCall v. Pataki*, 232 F.3d 321, 322–323 (2nd Cir.

2000).  The Courts have consistently held that, on a motion to dismiss pursuant to FED. R. CIV.

PROC.  12 (b) (6), all of the Plaintiff's factual allegations are accepted as true. *Erickson v.

Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) ("when ruling on a defendant's motion to

dismiss, a judge must accept as true all of the factual allegations contained in the complaint"),

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 113 S. Ct. 2891, 2895 (1993) (for motion to

dismiss, allegations of complaint taken as true), *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104

S. Ct. 2229 (1984) (reversing dismissal for failing to state discrimination claim under Title VII of

1964 Civil Rights Act), *Hoover v. Ronwin*, 466 U.S. 558, 565–566, 104 S. Ct. 1989 (1984)

(plaintiff's allegations taken as true in determination of dismissal), *Scheuer v. Rhodes*, 416 U.S.

232, 94 S. Ct. 1683 (1974) (plaintiff's allegations must be accepted as true), *Conley v. Gibson*,

355 U.S. 41, 45–46, 78 S. Ct. 99 (1957) (court must accept plaintiff's factual allegations), *Keiler*

*v. Harlequin Enters.*, 751 F.3d 64, 68 (2nd Cir. 2014) (appellate court reviews dismissal of

complaint under Fed. R. Civ. P. 12(b)(6) de novo, accepting all factual allegations (but not legal

conclusions) as true and drawing all reasonable inferences in favor of plaintiffs), *First*

*Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2nd Cir. 1994) ("the well-pleaded

material allegations of the complaint are taken as admitted").

> B.   Plaintiff's complaint contains sufficient factual matter – accepted as true – to state
> a claim to relief that is plausible based on the four corners of the complaint.

In deciding a motion to dismiss pursuant to FED. R. CIV. PROC. 12 (b) (6) Courts apply

a plausibility standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955

(2007), *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–679, 129 S. Ct. 1937 (2009). *See also*

*Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc.*, 847 F.3d 92, 94–97 (2nd

Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6) reversed because complaint plausibly alleged

that fax received was "unsolicited advertisement;" though advertised event was free, that did not

establish that event did not have required commercial purpose), *Nicosia v. Amazon.com, Inc.*,

834 F.3d 220, 235–238 (2nd Cir. 2016) (dismissal under Fed. R. Civ. P. 12(b)(6) was error

because plaintiff plausibly alleged that arbitration agreement was unenforceable due to absence

of notice and mutual assent), *Doe v. Columbia Univ.*, 831 F.3d 46, 56–59 (2nd Cir. 2016)

(district court erred in dismissing under Fed. R. Civ. P. 12(b)(6) because claim by male student

that university simply believed allegations without any investigation due to bias in favor of

female accusers stated plausible claim for sex discrimination under Title IX); *Salmon v. Blesser*,

802 F.3d 249, 252–255 (2d Cir. 2015) (allegation that officer used physical force to eject plaintiff

plausibly alleged Fourth Amendment seizure of person claim); *Keiler v. Harlequin Enters.*, 751

F.3d 64, 68, 70 (2nd Cir. 2014) (under *Twombly* standard, complaint must allege sufficient facts

that, taken as true, state plausible claim for relief; complaint need not contain detailed or

elaborate factual allegations, but only allegations sufficient to raise entitlement to relief above

speculative level).

  C.  The Plaintiff does not have to plead a prima facie case, because prima facie
     elements are an evidentiary consideration.

  Even before the plausibility standard was recognized, the Supreme Court had already held

that pleading the prima facie elements of claims is not required, because that is an evidentiary

standard, not a pleading requirement. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–512, 122

S. Ct. 992 (2002), *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53–54 (1st Cir. 2013)

(district court's "laser-like focus on a prima facie case is misplaced at the pleading stage," as was

its testing of the complaint "in a crucible hotter than the plausibility standard demands"), *Keys v.*

*Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (district court erred in dismissing class-action

race discrimination lawsuit by requiring plaintiff to plead prima facie case under McDonnell

Douglas), *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (federal rules

require pleading of claims rather than facts corresponding to elements of legal theory, so it is

"manifestly inappropriate for a district court to demand that complaints contain all legal elements

(or factors) plus facts corresponding to each"), *Surtain v. Hamlin Terrace Found.*, 789 F.3d

1239, 1246 (11th Cir. 2015) (per curiam) (when defendant was in default, district court erred in

requiring plaintiff to plead prima facie case of race discrimination in order to obtain default

judgment because complaint need only state plausible claim for relief under Fed. R. Civ. P.

12(b)(6) to support default judgment).

D.     There is no "heightened pleading standard" that the Plaintiff has to meet in this action.

Plaintiff does not have to meet a heightened pleading standard to file a claim for prospective relief. *See e.g.*, *Crawford El v. Britton*, 523 U.S. 574, 118 S. Ct. 1584 (1998), *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168; 113 S. Ct. 1160, 1163 (1993) (heightened pleading not required in regular pleadings or for cases against municipalities), *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514–515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), *see also Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (citing *Crawford-El* for proposition that there is no heightened pleading standard in qualified immunity cases), *Goad v. Mitchell*, 297 F.3d 497, 501–505 (6th Cir. 2002), *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (citing *Crawford-El* for proposition that civil rights complaints are not held to a higher standard than complaints in other civil litigation), *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001) ("We conclude that this court's heightened pleading requirement cannot survive *Crawford-El*").

E.     On A Motion To Dismiss – Pursuant To Federal Rule Of Civil Procedure 12 (b) (6) – It Is Immaterial Whether Plaintiff Will Ultimately Prevail.

The Plaintiff has stated a claim upon which relief can be granted: the issue as to whether the Plaintiff will prevail on the merits is not relevant to the Court's consideration on a motion to dismiss pursuant to FED. R. CIV. PROC. 12 (b) (6). *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974) (issue is not whether plaintiff will prevail but whether claimant is entitled to offer evidence to support claims, quoted in Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)), *accord Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 179 L. Ed. 2d 233, 241–242 (2011) (question is not whether party will ultimately prevail, but whether the "complaint was sufficient

to cross the federal court's threshold"), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.

Ct. 992 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will

succeed on the merits"), *Bernheim v. Litt*, 79 F.3d 318, 321 (2nd Cir. 1996) (*quoting Scheuer*),

*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2nd Cir. 1995) (whether plaintiff will

prevail not at issue), *Branham v. Meachum*, 77 F.3d 626 (2nd Cir. 1996) (issue not based on

plaintiff's likelihood of success), and *Sims v. Artuz*, 230 F.3d 14, 20 (2nd Cir. 2000).

V.    The Eleventh Amendment bar is not applicable in this case, because the Plaintiff is
      seeking prospective injunctive relief, and declaratory relief, for continuing violations of
      the Fourteenth Amendment to the United States Constitution.

        The eleventh Amendment is not applicable in this case because the Plaintiff is seeking

prospective and declaratory relief for continuing violation of the united States Constitution. This

action is being brought against the Defendants in their official capacity: in effect, this is an action

against the State of New York. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), *Gingras v.

Think Fin., Inc.*, 922 F.3d 112, 121 (2nd Cir. 2019) ("Ex parte Young permits plaintiffs seeking

prospective, injunctive relief to sue state government officials for violations of federal law. Id. at

133. Given that tribal immunity arises from tribes' statuses as sovereigns, it is unremarkable that

they too can be sued for prospective, injunctive relief based on violations of federal law."),

*Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 30 (2nd Cir. 1991) ("[14th

Amendment,] Section 1, on its own, has been found to support a cause of action for prospective

relief against a state official as demonstrated by *Ex Parte Young* and *Milliken v. Bradley*, . . .").

This action is being brought against the Defendants in their official capacity: in effect, this is an

action against the State of New York. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct.

3099, 3106 n. 14 (1985), *Dube v. State Univ.*, 900 F.2d 587, 595 (2nd Cir. 1990), *cert. denied*,

501 U.S. 1211 (1991), *Heimbach v. Lyons*, 597 F.2d 344, 347 (2nd Cir. 1979) and *Poe v. Massey*, 3 F. Supp. 2d 176, 176 (D. Conn. 1998).

In *Will v. Michigan Department of State Police*, the Supreme Court held that a state official – sued in their official capacity for injunctive relief – is a "person" under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 2312 (1989). The fact that Cyrus Vance is no longer the New York County District Attorney is of no moment; because, District Attorney Alvin L. Bragg, Jr. – as the successor in office – is automatically substituted in former District Attorney Vance's place. FED. R. CIV. P. 25 (d) (1).  Automatic substitution occurs for public officers who are sued in an official capacity. *Lewis v. Clarke*, 137 S. Ct. 1285, 1292, 197 L.Ed.2d 631, 638-39 (2017), *Lane v. Franks*, 573 U.S. 228, 234 n.3, 134 S. Ct. 2369, 2376 (2014).

VI.     The Defendants are not entitled to prosecutorial immunity or judicial immunity.

The District Attorney is not entitled to prosecutorial immunity. In *Supreme Court v. Consumers Union of United States* the Supreme Court held that "Prosecutors enjoy absolute immunity from damages liability, Imbler v. Pachtman, 424 U.S. 409 (1976), but they are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law. Gerstein v. Pugh, 420 U.S. 103 (1975), is only one of a myriad of such cases since Ex parte Young, 209 U.S. 123 (1908), decided that suits against state officials in federal courts are not barred by the Eleventh Amendment. If prosecutors and law enforcement personnel cannot be proceeded against for declaratory relief, putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their federal constitutional claims." *Supreme Court v. Consumers Union of United States*, 446 U.S. 719,

736-37, 100 S. Ct. 1967, 1977 (1980), *see also Gerstein v. Pugh*, 420 U.S. 103, 106-07, 95 S. Ct. 854, 859 (1975) ("Respondents Pugh and Henderson filed a class action against Dade County officials in the Federal District Court, claiming a constitutional right to a judicial hearing on the issue of probable cause and requesting declaratory and injunctive relief. Respondents Turner and Faulk, also in custody under informations, subsequently intervened. Petitioner Gerstein, the State Attorney for Dade County, was one of several defendants." In *Gerstein,* the Supreme Court held as follows: "We agree with the Court of Appeals that the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention, and we accordingly affirm that much of the judgment." *Gerstein*, 420 U.S. at 126, 95 S. Ct. at 869 (1975).

Defendant Juan Merchan is not entitled to judicial immunity. *See e.g., Supreme Court v. Consumers Union of United States*, 446 U.S. 719, 734-35, 100 S. Ct. 1967, 1976 (1980) *superseded by amendments to* 42 U.S.C. § 1983 (The Federal Courts Improvement Act of 1996) ("Adhering to the doctrine of Bradley v. Fisher, 13 Wall. 335 (1872), we have held that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349 (1978). However, we have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts.").

Declaratory relief is not available to the Plaintiff in State Court; therefore, the Federal Courts Improvement Act of 1996 is not applicable: 42 U.S.C. § 1983. There were no criminal proceeding pending, related to the case of *The People of the State of New York v. Anna Gristina*, New York County Indictment Number 00751-2012, when the complaint in this case was filed, and there are no pending criminal proceeding related to the afore-mentioned indictment at this

time.

Judgment in the Plaintiff's criminal case was entered on 20 November 2012. *See* Exhibit A, App. to the Complaint at p. A010. The Plaintiff does not have a direct right to appeal, because her statutory right to appeal has expired: Criminal appeals in the State of New York are governed by statute. N.Y. CRIM. PROC. LAW § 450.10 and N.Y. CRIM. PROC. LAW § 450.15. In the State of New York, a judgment is defined as follows: "A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence." N.Y. CRIM. PROC. LAW § 1.20 (15). *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). The Trial Court's Decision and Order is not appealable. Exhibit A: Complaint App. at p. A002 to A007. There is no federal constitutional right to appellate review in a criminal case. *Abney v. United States*, 431 U.S. 651, 656, 97 S. Ct. 2034, 2038 (1977), *Andrews v. Swartz*, 156 U.S. 272, 275, 15 S. Ct. 389, 391 (1895), and *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913 (1894).

Injunctive and declaratory relief are not available to the Plaintiff – in State Court – in relation to Justice Merchan's Decision and Order. The Court's Decision and Order does not involve the validity of a statute, and there are facts in dispute. *See e.g., Reed v. Littleton*,  9 N.E.2d 814, 815-16, 275 N.Y. 150, 153 (1937), *Morgenthau v. Erlbaum*, 451 N.E.2d 150, 464 N.Y.S.2d 392, 59 N.Y.2d 143 (1983), *cert. denied*, 464 U.S. 993, 104 S. Ct. 486 (1983) ("declaratory judgment attacking a criminal court's interlocutory ruling may be granted when the controversy is over the validity of a statute, the determination of which does not require resolving any factual disputes, and there is no immediate attempt to prevent the criminal court from

proceeding on the course which it has charted by its ruling"), *Fenster v. Leary*, 229 N.E.2d 426, 282 N.Y.S.2d 739, 20 N.Y.2d 309 (1967) (constitutionality of Code of Crim. Proc. L. § 887(1), concerning common law vagrancy), *Snap 'N' Pops, Inc. v. Dillon*, 412 N.Y.S.2d 646, 66 A.D.2d 219 (App. Div. 1979) *mot. to dismiss appeal denied*, 389 N.E.2d 838, 416 N.Y.S.2d 243, 46 N.Y.2d 999 (1979) (question whether item constituted "fireworks" within the meaning of Penal Law § 270.00 was a question of fact and was not properly the subject of a declaratory judgment). Plaintiff Exhibit B: Petitioner State Court Appellate Division Reply Affirmation and Errata.

In this case, Defendant Juan Merchan is not entitled to judicial immunity for two reasons First, there was a clear absence of jurisdiction in this case. New York State Criminal Procedure Law § 300 states that "The stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same." *See People v. Finnegan*,  623 N.Y.S.2d 546, 548, 85 N.Y.2d 53, 58,(1995) ("The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory 'language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words' used (People ex rel. Harris v Sullivan, 74 NY2d 305, 309, citing Doctors Council v New York City Employees' Retirement Sys., 71 NY2d 669, 675; Patrolmen's Benevolent Assn. v City of New York, 41 NY2d 205, 208). Equally settled is the principle that courts are not to legislate under the guise of interpretation (see, People v Heine, 9 NY2d 925, 929; see also, Bright Homes v Wright, 8 NY2d 157, 162)"). *Compare* N.Y. JUD LAW § 300 with *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352 (1872) (An example of a judge acting in the clear absence of all jurisdiction is a surrogate court judge who tries a felony.), and *Maestri v.*

*Jutkofsky*, 860 F.2d 50, 53 (2nd Cir. 1988) ("On the facts which we take to be undisputed, we find that Jutkofsky knowingly acted in the clear absence of territorial jurisdiction when he signed the arrest warrants and caused the incarceration of Maestri and Zook. No reasonable town judge would have thought himself to have had jurisdiction over a non-adjoining town.").

New York Judiciary Law § 300 was brought to the Court's attention. Exhibit A: Complaint, app. at p. A071, ¶ 10. Judicial discretion is not the arbitrary will of the Judge, but is a legal discretion to be exercised in determining the course prescribed by law. *International Ry. Co. v. Barone*, 284 N.Y.S. 122, 246 A.D. 450 (App. Div. 1935) Under New York law a determination is arbitrary and capricious when it is without a sound basis in reason. *Westinghouse Elec. Corp. v. New York City Transit Authority*, 14 F.3d 818 (2nd Cir. 1994) ("Under New York law, a determination is arbitrary and capricious when it is said to be 'without sound basis in reason.'"). Furthermore, an arbitrary action is sometimes defined as some type of action that is taken without regard to the facts. *Connor v. Deer Park Union Free School Dist.*, 195 A.D.2d 216, 607 N.Y.S.2d 742 (App. Div. 1994).

Defendant Juan Merchan is also not entitled to judicial immunity because the process utilized by a criminal defendant – to use the criminal defendant's own funds – to purchase a transcript in their criminal case, does not implicate the judiciary. N.Y. JUD. LAW § 300. This is a transaction between the criminal defendant – who is a party to the action – and the Court Reporter; and, in this case, the Criminal Defendant/Petitioner has a constitutional right to the transcript in her criminal case to pursue post-judgment relief. This is not a situation where an indigent criminal defendant, invokes the jurisdiction of the court, to obtain a free transcript in their case. *Compare Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585 (1956) (holding that once a state

24

grants defendants a right of appeal, it cannot condition that right in a manner that violates the constitutional guarantee of equal protection), *see also Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431 (1971) (state ordinarily required to provide an indigent defendant with a transcript of a prior mistrial in order to aid him in preparing for a second trial), *Bundy v. Wilson*, 815 F.2d 125 (1st Cir.1987) (New Hampshire Supreme Court's declination to review criminal appeal violated due process where decision was made without giving defendant a transcript, even though appellate review was discretionary).

The Supreme Court has adopted a functional approach to determine whether an act is judicial in nature. The test – as articulated by the Supreme Court – focuses on the act, not the agent. *Forrester v. White*, 484 U.S. 219, 228, 108 S. Ct. 538, 544 (1988) ("Whether the act done by him was judicial or not is to be determined by its character, and not by the character of the agent.'), *Mireles v. Waco*, 502 U.S. 9, 13, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("The relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' 435 U.S., at 362, 98 S.Ct., at 1108. In other words, we look to the particular act's relation to a general function normally performed by a judge,"), *Mireles v. Waco*, 502 U.S. at 11–12, 112 S. Ct. at 288 (1991) ("A judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227–229, 108 S.Ct., at 544–545; Stump v. Sparkman, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id., at 356–357, 98 S.Ct., at 1104–1105; Bradley v. Fisher, 13 Wall., at 351.").

CONCLUSION

WHEREFORE, Plaintiff respectfully asking that this Court deny the Defendants' Motion

– even though the Plaintiff's position is that the Defendants' motion lacks merit – should the

Court decide otherwise, Plaintiff respectfully asks that Plaintiff be allowed to amend the

Complaint, and Plaintiff also asks that the Court grant any other relief that it deems just,

equitable, and proper.

DATE:      2 February 2022
           Bronx, New York

                                        Respectfully,


                                        *Lawrence P LaBrew*
                                        _____
                                        Lawrence P. LaBrew, Esq.
                                        Attorney & Counselor-at-Law
                                        Law Office of Lawrence LaBrew
                                        Attorney for Plaintiff Anna Gristina
                                        30 Wall Street 8th Floor
                                        New York, New York 10005-2205
                                        Tel: (212) 385-7500
                                        Fax: (212) 385-7501
                                        Cell:(917) 280-6239
                                        e-mail: lawrencelabrew@verizon.net

## TABLE OF AUTHORITIES

Constitutional Amendments

U.S. CONST. amend. XI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

U.S. CONST. amend. XII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Federal Statutes

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 21

Federal Cases

*Abney v. United States*, 431 U.S. 651, 656, 97 S. Ct. 2034, 2038 (1977). . . . . . . . . . . . . . . . . . 22

*Aldinger v. Howard*, 427 U.S. 1, 16, 96 S. Ct. 2413, 2421 (1976) . . . . . . . . . . . . . . . . . . . . . . . 5

*Andrews v. Swartz*, 156 U.S. 272, 275, 15 S. Ct. 389, 391 (1895). . . . . . . . . . . . . . . . . . . . . . . 22

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Beauvoir v. Israel*, 794 F.3d 244 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). . . . . . . . . . . . . . . . 16

*Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166 (1937) . . . . . . . . . . . . 14, 19, 22

*Bernheim v. Litt*, 79 F.3d 318 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352 (1872) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Branham v. Meachum*, 77 F.3d 626 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Bundy v. Wilson*, 815 F.2d 125 (1st Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . 15

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Crawford El v. Britton*, 523 U.S. 574, 118 S. Ct. 1584 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Currier v. Doran*, 242 F.3d 905 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). . . . . 11

*Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Dorce v. City of New York*, 2 F.4th 82, 101–02 (2nd Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Dube v. State Univ.*, 900 F.2d 587, 595 (2nd Cir. 1990), *cert. denied*, 501 U.S. 1211 (1991). . . 19

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994) . . . . . . . . . . . . . . . . 16

*Forrester v. White*, 484 U.S. 219, 228, 108 S. Ct. 538, 544 (1988) . . . . . . . . . . . . . . . . . . . . . . . 25

*Gerstein v. Pugh*, 420 U.S. 103, 106-07, 95 S. Ct. 854, 859 (1975) . . . . . . . . . . . . . . . . . . . . . . 21

*Gerstein*, 420 U.S. at 126, 95 S. Ct. at 869 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Gingras v. Think Fin., Inc.*, 922 F.3d 112, 121 (2nd Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Goad v. Mitchell*, 297 F.3d 497 (6th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Griffin v. Illinois*, 351 U.S. 12, 13, 76 S. Ct. 585, 588 (1956). . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 590 (1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Growe v. Emison*, 507 U.S. 25, 113 S.Ct. 1075 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 113 S. Ct. 2891 (1993) . . . . . . . . . . . . . . . 15

*Heimbach v. Lyons*, 597 F.2d 344, 347 (2nd Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 20

*Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229 (1984) . . . . . . . . . . . . . . . . . . . . . . . 15

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2nd Cir. 2005). . . . . . . . . . . . . . . 12

*Hoover v. Ronwin*, 466 U.S. 558, 104 S. Ct. 1989 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S. Ct. 1200 (1975). . . . . . . . . . . . . . . . . . . . . 12

*In re Oliver*, 333 U.S. 257, 267-71, 68 S. Ct. 499, 504-06 (1948) . . . . . . . . . . . . . . . . . . . . . . 10

*In re Oliver*, 333 U.S. 257, 273, 68 S. Ct. 499, 507-08 (1948). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Juidice v. Vail*, 430 U.S. 327, 335-36, 97 S. Ct. 1211, 1217-18 (1977). . . . . . . . . . . . . . . . . . 12

*Keiler v. Harlequin Enters.*, 751 F.3d 64 (2d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 15-16, 16

*Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14 (1985). . . . . . . . . . 19

*Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kirschner v. Klemons*, 225 F.3d 227 (2nd Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lane v. Franks*, 573 U.S. 228, 234 n.3, 134 S. Ct. 2369, 2376 (2014). . . . . . . . . . . . . . . . . . . . 20

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Lewis v. Clarke*, 137 S. Ct. 1285, 1292, 197 L.Ed.2d 631, 638-39 (2017). . . . . . . . . . . . . . . . . 20

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-30, 102 S. Ct. 1148, 1154 (1982). . . . . . . . . 8

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 n.5, 102 S. Ct. 1148, 1154 (1982). . . . . . . 7

*Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2nd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24

*McCall v. Pataki*, 232 F.3d 321 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913 (1894). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*McNeese v. Board of Ed. For Community Unit School Dist. 187, Cahokia, Ill.*, 373 U.S. 668, 83 S. Ct. 1433 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mireles v. Waco*, 502 U.S. 9, 13, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) . . . . . . . . . . . . . 25

*MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2nd Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . .

*Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 235–238 (2nd Cir. 2016) . . . . . . . . . . . . . . . . . . . 16

*Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc.*, 847 F.3d 92 (2d Cir. 2017)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Poe v. Massey*, 3 F. Supp. 2d 176, 176 (D. Conn. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Reyes Mata v. Lynch*, 576 U.S. 143, 150, 135 S. Ct. 2150, 2156 (2015). . . . . . . . . . . . . . . . . . 13

*Rinaldi v. Yeager*, 384 U.S. 305, 310-11, 86 S. Ct. 1497, 1500-01 (1966) . . . . . . . . . . . . . . . . . 7

*Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49 (1st Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . 17

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Salmon v. Blesser*, 802 F.3d 249 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 30 (2nd Cir. 1991) . . . . . . . . . . . . . 19

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sims v. Artuz*, 230 F.3d 14, 20 (2nd Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Skinner v. Switzer*, 562 U.S. 521, 531-32, 131 S. Ct. 1289, 1297 (2011). . . . . . . . . . . . . . 112, 18

*Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S. Ct. 584, 591 (2013). . . . . . . . . . . 12. 13

*Sprint Communs., Inc. v. Jacobs*, 571 U.S. at 77, 134 S. Ct.  at 590-91  (2013). . . . . . . . . . . . . 13

*Supreme Court v. Consumers Union of United States*, 446 U.S. 719, 736-37, 100 S. Ct. 1967,
1977 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-21, 21

*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239 (11th Cir. 2015) (per curiam) . . . . . . . . . . . 17

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002). . . . . . . . . . . . . . . . . 17, 18, 19

*Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49, 126 S. Ct. 2557, 2563-64 (2006) . . . . . 7

*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 19

*Westinghouse Elec. Corp. v. New York City Transit Authority*, 14 F.3d 818 (2nd Cir. 1994) . . . 22

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 2312 (1989). . . . . . . 20

*Wisconsin v. Constantineau*, 400 U.S. 433, 439, 91 S. Ct. 507, 511 (1971) . . . . . . . . . . . . . . . 13

*Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rules

FED. R. CIV. P. 12(b) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FED. R. CIV. PROC. 10 (c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FED. R. CIV. PROC. 12 (b) (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15, 16 ,17 18

FED. R. CIV. P. 25 (d) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

State Statutes

Article 400 of the N.Y. Criminal Procedure Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.Y. CRIM. PROC. LAW § 1.20 (15). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

N.Y. CRIM. PROC. LAW § 440.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 11

N.Y. CRIM. PROC. LAW § 450.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

N.Y. CRIM. PROC. LAW § 450.15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

N.Y. JUD LAW § 300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

State Cases

*Connor v. Deer Park Union Free School Dist.*, 195 A.D.2d 216, 607 N.Y.S.2d 742 (App. Div. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Fenster v. Leary*, 229 N.E.2d 426, 282 N.Y.S.2d 739, 20 N.Y.2d 309 (1967) .. . . . . . . . . . . . . 23

*International Ry. Co. v. Barone*, 284 N.Y.S. 122, 246 A.D. 450 (App. Div. 1935) . . . . . . . . . . 24

*Morgenthau v. Erlbaum*, 451 N.E.2d 150, 464 N.Y.S.2d 392, 59 N.Y.2d 143 (1983), *cert. denied*, 464 U.S. 993, 104 S. Ct. 486 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*People v. Finnegan*,  623 N.Y.S.2d 546, 548, 85 N.Y.2d 53, 58,(1995) . . . . . . . . . . . . . . . . . . 23

*Reed v. Littleton*,  9 N.E.2d 814, 815-16, 275 N.Y. 150, 153 (1937). . . . . . . . . . . . . . . . . . . . . 23

*Snap 'N' Pops, Inc. v. Dillon*, 412 N.Y.S.2d 646, 66 A.D.2d 219 (App. Div. 1979) *mot. to dismiss appeal denied*, 389 N.E.2d 838, 416 N.Y.S.2d 243, 46 N.Y.2d 999 (1979) . . . . . . . . . . 23

### Other Authorities

ANNOTATION: WHAT, IN VIEW OF SUPREME COURT, CONSTITUTES THE CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS, 52 L. Ed. 2d 779 (2nd 2012) (collecting the cases). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7